# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRAVIS T. WILLIAMS, #Y15910, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18-cv-02129-NJR |
| ) | |
| IDOC, ) | |
| NICHOLAS LAMB, ) | |
| DAVID SMITH, ) | |
| and MICHAEL R. CONAT, ) | |
| ) | |
| Defendants. ) | |

# **MEMORANDUM AND ORDER**

**ROSENSTENGEL, District Judge:**

Plaintiff Travis T. Williams, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this *pro se* action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, he asserts a claim under the Eighth Amendment for failure to protect him from his cellmate. (Doc. 1). Plaintiff seeks monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

In the Complaint, Plaintiff makes the following allegations: On April 5, 2017, shortly after Plaintiff returned to his cell following a class, his cellmate (Smith) began antagonizing him. (Doc. 1, p. 5). Smith was on the top bunk, and Plaintiff was on the bottom bunk. *Id*. Smith reached down and touched Plaintiff and pulled Plaintiff's blanket off his body. *Id*. Smith stated he was going to walk around naked, and there was nothing Plaintiff could do about it. *Id*. Plaintiff pressed the panic button repeatedly and, when he did not get a response, he kicked the door until Officer Conat arrived. *Id*. Plaintiff asked Conat to let him out of the cell and stated, "I don't feel safe, me and my [cellmate] are going to fight." *Id*. Conat laughed and responded "Oh, its okay he won't hurt you" and walked away. *Id*.

Shortly after Conat left, Smith began hitting Plaintiff repeatedly. *Id*. Plaintiff defended himself and began yelling for help. *Id*. Smith continued to hit and kick Plaintiff until prison officials arrived and restrained him. *Id.* Plaintiff suffered physical injuries and was taken to the health care unit for medical treatment. (Doc. 1, pp. 6, 9).

## Preliminary Dismissals

As an initial matter, IDOC is a state government agency and is not a person subject to suit under section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66-71 (1989); *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). IDOC will be dismissed with prejudice.

The claim against Warden Lamb likewise will be dismissed without prejudice. Plaintiff requests that Lamb be held responsible for Office Conat's actions. Lamb cannot be held liable for the alleged violation of Plaintiff's constitutional rights because he is the chief administrator of the prison. The doctrine of *respondeat superior* does not apply to Section 1983 actions. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (2001).

Additionally, David Smith, the cellmate who assaulted Plaintiff, is not a "person" acting under color of state law for Section 1983 purposes and will, therefore, be dismissed with prejudice. *See* 42 U.S.C. § 1983.

## Discussion

Based on the allegations of the Complaint, the Court designates a single count in this *pro se* action. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation does not constitute an opinion regarding its merit.

> **Count 1:** Eighth Amendment failure to protect claim against Conat for failure to protect Plaintiff from a substantial risk of serious harm posed by his cellmate.

Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.[1]

To state an Eighth Amendment failure to protect claim, a prisoner must allege that (1) "he is incarcerated under conditions posing a substantial risk of serious harm," and (2) defendant(s) "acted with deliberate indifference to that risk." *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005). Plaintiff's cellmate was antagonizing him, engaging in unwanted touching, and making statements that made Plaintiff feel threatened and unsafe. Plaintiff called for help via the panic button in the cell and kicked the door until Conat arrived. Plaintiff asked Conat to let him out of the cell and stated that he did not feel safe because he and his cellmate were going to fight. Conat walked away, and Plaintiff was assaulted by his cellmate. Count 1 states a colorable claim against Conat and will receive further review.

---

[1] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## Pending Motions

Plaintiff filed a Motion for Recruitment of Counsel (Doc. 3), which will be denied[2] without prejudice at this time. Plaintiff discloses unsuccessful efforts to contact attorneys via written correspondence. (Doc. 3, p. 1). Unfortunately, however, Plaintiff has not identified the attorneys or law firms he has written to seeking counsel or how many firms he has attempted to contact. Without such information, the Court cannot determine whether Plaintiff's efforts have been reasonable. With respect to his ability to pursue this action *pro se*, Plaintiff states only that he needs legal representation. The Court finds Plaintiff can proceed *pro se*, at least for now. Plaintiff's pleadings demonstrate an ability to construct coherent sentences and relay information to the Court. Plaintiff appears competent to try this matter without representation at this time. Once discovery has commenced, if Plaintiff has significant difficulty, he may refile his motion.

Plaintiff's Motion for Service at Government Expense (Doc. 4) will be denied as moot. Summons will be issued and served on Defendant as ordered below. Plaintiff is advised that it is not necessary for a litigant proceeding *in forma pauperis* to file a motion requesting service of process by the United States Marshals Service or other process server. The Clerk will issue summons, and the Court will direct service for any complaint that passes preliminary review.

## Disposition

**IT IS HEREBY ORDERED** that the Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice, and the Motion for Service at Government Expense (Doc. 4) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendants **IDOC** and **SMITH** are **DISMISSED** with prejudice, and **LAMB** is **DISMISSED** without prejudice. The Clerk of Court is **DIRECTED** to

---

[2] In evaluating Plaintiff's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

terminate **IDOC, SMITH** and **LAMB** as parties in the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

**IT IS FURTHER ORDERED** that **COUNT 1** shall receive further review as to **CONAT**. The Clerk of Court shall prepare for **CONAT**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require that Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

This entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact

that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 11, 2019**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate Defendant of your lawsuit and serve him with a copy of your complaint. After service has been achieved, Defendant will enter his appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive Defendant's Answer, but it is entirely possible that it will take **90 days** or more. When Defendant has filed his Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**